This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                          **No. 31,732**

**GEORGE CABRERA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
Reed S. Sheppard, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline Cooper, Chief Public Defender
Santa Fe, NM

Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Defendant-Appellant George Cabrera (Defendant) has appealed from a conviction for DWI. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

Defendant has raised a single issue, arguing that the traffic stop which ultimately led to his conviction was not supported by reasonable suspicion. [DS 18; MIO 13-19]

The traffic stop was initiated after a police officer observed Defendant making a U-turn through an area marked off by cones, thereby avoiding a DWI checkpoint. [DS 4; MIO 2-3, 7] As we observed in the notice of proposed summary disposition, the New Mexico Supreme Court has held that conduct of this nature is sufficient to give rise to reasonable suspicion. *See State v. Anaya*, 2009-NMSC-043, ¶ 15, 147 N.M. 100, 217 P.3d 586 ("Evading a marked DWI checkpoint is a specific and articulable fact that is sufficient to predicate reasonable suspicion for an investigatory stop.").

In his memorandum in opposition Defendant attempts to distinguish *Anaya* on its facts. [MIO 14-15] Specifically, Defendant contends that the circumstances presented in this case, including the fact that the sky was dark such that the purpose of the traffic stop would not necessarily be evident, as well as the relatively high

2

traffic flow in the area, indicate that Defendant's conduct "was consistent with typical driving patterns in the neighborhood," and as such, it did not give rise to a reasonable suspicion that Defendant was trying to avoid the checkpoint. [MIO 15-17] However, the traffic stop at issue in *Anaya* also occurred after dark, at a time when the emergency lights would be readily visible to approaching motorists, and at a location (a highway) that would appear to involve a relatively high flow of traffic. *Id.* ¶ 2. Accordingly, neither the time of day nor the location of the checkpoint warrant a departure from *Anaya*.

Defendant also attempts to distinguish *Anaya* on grounds that the officer did not testify that he thought Defendant was trying to avoid the checkpoint. [MIO 15] However, because the existence of reasonable suspicion is analyzed objectively, the officer's subjective state of mind does not affect the validity of the stop. *State v. Hubble*, 2009-NMSC-014, ¶¶ 8, 23, 146 N.M. 70, 206 P.3d 579. We therefore remain of the opinion that Defendant's conduct, when objectively evaluated, supplied an adequate basis for initiating a traffic stop.

Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**LINDA M. VANZI, Judge**

4